**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| WILLIAM MONROE SMITH, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| BARROW COUNTY DETENTION | : | CIVIL ACTION NO. |
| CENTER; and SHERIFF, | : | 2:11-CV-0028-RWS |
| Defendants. | : | |

**ORDER**

Plaintiff, William Monroe Smith, presently confined in the Barrow County Detention Center in Winder, Georgia, has filed this pro se civil rights action.  (Doc. 1). On February 10, 2011, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5).  The matter is now before the court for a 28 U.S.C. § 1915A frivolity screening.

**I.    The Standard of Review for Screening Prisoner Civil Rights Actions**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either:  (1) is "frivolous, malicious, or fails

to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal,  ___ U.S. ___, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court

2

accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II.   <u>Discussion</u>

Plaintiff brings this action against the Barrow County Detention Center and the Sheriff of Barrow County.  (Doc. 1 ¶ III.B).  Plaintiff's "Statement of Claim" lists the following general complaints concerning jail policies and conditions: (1) officers are allowed to smoke and chew tobacco, while inmates are not; (2) inmates may only send and receive postcards, personal items must be brought to the jail, and religious items may not be mailed to the inmates; (3) the law library is merely a computer that the inmates may use once a week for 45 minutes, and there are no books, printers, or copiers; (4) when in solitary confinement, inmates may not send or receive mail or possess religious materials; (5) there are no posted menus and food portions are not equal; (6) if an inmate owes money, it is automatically deducted from the inmate's account as soon as funds are deposited; (7) good time is not available for all inmates; (8) "county and non-sentence inmates" are housed together, but should be separated; (9) there is no "quarantine block"; (10) commissary items are overpriced; (11) inmates who "voice [their] opinion[s]" are "thrown in the hole"; (12) inmates are only allowed

to "cover up" between the hours of 12:00 and 5:00 a.m; and (13) while waiting in the holding cell for a court appearance, inmates are handcuffed and shackled.  (Id. ¶ IV; Attach. at unnumbered 6-7).  Plaintiff seeks injunctive relief, "federal monitoring," and fines should the jail not comply.  (Id. ¶ V; Attach. at unnumbered 8-9).

Pursuant to 42 U.S.C. § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights.  See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).  The Barrow County Detention Center must be dismissed as a defendant because it is not a legal entity  subject to suit under § 1983.  Brannon v. Thomas County Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008).

This Court's jurisdiction is constitutionally limited to a "case or controversy" in which the plaintiff has standing and "can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'"  Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (citations omitted).  Plaintiffs do not have standing to assert the rights of others.  Church v. City of Huntsville, 30 F.3d 1332, 1335-36 (11th Cir. 1994); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that non-lawyer inmate may not proceed in federal

4

court on behalf of fellow inmates).  Plaintiff has not alleged that he has suffered any

personal harm due to the alleged deprivations.  Thus, because Plaintiff has no standing

to raise general claims on behalf of his fellow inmates, he fails to state a claim for

relief under § 1983.

## III.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A(b), this pro se civil

rights action is **DISMISSED**, without prejudice,[1] for failure to state a claim.


**IT IS SO ORDERED**, this   22nd   day of  February , 2011.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1]  When a more carefully drafted complaint might state a claim, it is error to
dismiss the complaint with prejudice.  Duff v. Steub, 378 F. App'x 868, 869-70, 872
(11th Cir. 2010) (stating that unless a § 1915A dismissal states that it is without
prejudice, the dismissal is by law with prejudice).

AO 72A
(Rev.8/82)